### HIRSHFIELD v. RICE. (No. 6544.)*

(Court of Civil Appeals of Texas. Austin.
Jan. 17, 1923. Rehearing Denied
March 21, 1923.)

1. **Appeal and error** 554(3)—**No affirmance notwithstanding absence of statement of facts, where it appears that court decided on erroneous conclusion of law.**

The rule that a judgment will be affirmed where no statement of facts has been brought up does not apply, where it affirmatively appears from the record that the court decided the case upon an erroneous conclusion of law.

2. **Brokers** 65(4)—**Broker's representation of both parties to an exchange held no bar to recovery of commissions from principal knowing thereof.**

A broker's representation of both parties to an exchange of realty does not bar his right to recover commissions, where his principal had knowledge thereof.

3. **Brokers** 88(14)—**Finding that it was not shown that both parties to transaction had knowledge that broker represented both no basis for judgment for defendant sued for commissions.**

In an action for commissions, wherein defendant claimed the broker represented both parties, a finding that it was not shown that "both" parties had knowledge thereof could not constitute the basis for a judgment for defendant; such finding not 'being that defendant had no such knowledge, which would have barred recovery.

4. **Brokers** 80—**Claim of greater commissions than broker entitled to held not to bar recovery.**

The fact that a broker sought to recover commissions for the sale of a larger quantity of land than that which he was authorized to sell would not prevent a recovery of commissions for sale of the land he was actually authorized to sell.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by D. E. Hirshfield against W. W. Rice. Judgment for defendant in county court after appeal from justice's court, and plaintiff appeals. Reversed and remanded.

W. L. Eason, of Waco, for appellant.
Johnston & Hughes, of Waco, for appellee.

KEY, C. J. D. E. Hirshfield brought this suit against W. W. Rice, in a justice of the peace court, and after trial in that court it was appealed and tried in the county court, where it was decided in favor of the defendant; and the plaintiff has appealed.

[1] The suit was for the purpose of recovering a commission as a real estate agent, resulting from the exchange between the defendant and Mrs. Wood of certain real estate. No statement of facts has been brought up, and as a general rule when that is the case

an affirmance results. There are exceptions to that rule where it affirmatively appears from the record that the court decided the case upon an erroneous conclusion of law, and we think this case comes within that exception.

The record shows that the court submitted the case to the jury upon the following special issues:

"Special issue No. 1: Did the defendant, W. W. Rice, list his North Eighteenth street property with plaintiff?" To which the jury answered: "Yes."

"Special issue No. 2: How many front feet did defendant list with plaintiff?" To which the jury answered: "50 feet."

"Special issue No. 3: What was the consideration for the North Eighteenth street property, in trade in question?" To which the jury answered: "$7,500."

"Special issue No. 4. Who was the procuring cause of the deal consummated between the defendant, W. W. Rice, and Mrs. Wood?" To which the jury answered: "D. E. Hirshfield."

"Special issue No. 1 requested by defendant: Did both the defendant and Mrs. Wood know that the plaintiff was charging both of them a commission in the contemplated deal?" To which the jury answered: "No."

The judgment, in part, reads as follows:

"And it appearing to the court, on this October 22, 1921, that the answer of the jury to special issue No. 1 requested by defendant, and special issue No. 2 of the court's main charge as sufficient to preclude plaintiff from recovering anything in this case, and based on that finding of the jury alone the court is of opinion that the plaintiff is not entitled to recover."

[2-4] The findings of the jury show that the plaintiff was the procuring cause of the sale of the property belonging to the plaintiff, and worth $7,500. If the plaintiff represented both parties in the transaction referred to, that fact would not bar his right to recover against the defendant, unless the latter had no knowledge of the fact that the plaintiff was representing Mrs. Wood as well as himself. The jury did not find that the defendant was without such knowledge, but merely found that it was not shown that both he and Mrs. Wood had such knowledge. If it was not shown that Mrs. Wood had such knowledge, although the proof may have clearly shown that the defendant knew the fact, still the jury could not have answered special issue No. 1, requested by the defendant, otherwise than in the negative, as they did. The court based its judgment for the defendant upon that answer and upon the answer to special issue No. 2, which found that the defendant listed with the plaintiff only 50 feet of his property, while he owned and sold to Mrs. Wood more than 50 feet; and plaintiff sued for a commission based upon the value of all the property sold by the defendant to Mrs. Wood. If the testimony showed that

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 2, 1923.

the defendant ·listed with the plaintiff only a portion of the property which he sold to Mrs. Wood, and showed the other facts necessary to entitle him to recover a commission for the value of the 50 feet referred to, we do not think that the fact that he sought to recover more than he was entitled to would prevent him from recovering for the 50 feet. Hence we hold that it affirmatively appears that the trial court disposed of the case upon erroneous conclusions of law, and therefore the judgment is reversed and the cause remanded.

Reversed and remanded.